IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IHC HEALTH SERVICES, INC. dba, INTERMOUNTAIN MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>CADENCE AEROSPACE, LLC, and PREMERA BLUE CROSS,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:18-cv-12-DB<br><br>District Judge Dee Benson |

Before the court is Defendant's Motion to Transfer Venue. (Dkt. No. 13.) The Motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

Background

Plaintiff operates Intermountain Health Medical Center in Salt Lake City, Utah. (Complaint at ¶ 1.) In December of 2014, J.J., a man from Arizona, received emergency medical treatment for a heart condition from Plaintiff while on a ski trip in Utah. (*Id*. at ¶¶ 26-31.) At the time, J.J. was a beneficiary of an employee benefit plan (the "Plan") provided by Defendant Cadence Aerospace, LLC ("Cadence"), which contracted with Premera Blue Cross ("Premera") to insure the Plan. (*Id*. at ¶¶ 3-11.) Cadence, a Delaware corporation with its principal place of business in California, was the Plan Administrator of the Plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"). (*Id*. at ¶ 8.) Premera, a non-

profit corporation headquartered and incorporated in Washington, was the health insurer for J.J., and Cadence's agent. (*Id.* at ¶¶ 9-10.)

Following its emergency medical treatment of J.J., Plaintiff submitted its claims to Defendants for payment. (Compl. at ¶ 23.) The billed charges for J.J.'s claim totaled $106,843.64. (*Id.* at ¶ 20.) Defendants paid $45,137.39, and denied the remaining charges "contending that the treatment was performed out of network and exceeded usual, customary, and reasonable charges." (*Id.* at ¶¶ 21, 24.) Plaintiff then filed this action pursuant to ERISA, 29 U.S.C. § 1001 *et. seq.*, alleging three causes of action: failure to provide ERISA benefits, breach of fiduciary duty, and failure to produce plan documents upon written request. (Compl. at ¶¶ 17, 41-64.)

Defendants now seek to transfer venue to the Western District of Washington "[f]or the convenience of parties and witnesses, in the interest of justice" pursuant to 28 U.S.C. §1404(a).

<u>Discussion</u>

Venue in this case is governed by ERISA. ERISA's venue provision permits an action brought under ERISA to proceed: 1) "in the district where the plan is administered"; 2) "where the breach took place"; or 3) "where a defendant resides or may be found". 29 U.S.C. § 1132(e)(2). That provision further provides that "process may be served in any other district where a defendant resides or may be found." *Id.* The Tenth Circuit has held that this provision authorizes nationwide service of process. *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000). "Thus, provided that due process is satisfied, § 1132(e)(2) confers jurisdiction over defendants by authorizing service of process on them." *Id.* And, if jurisdiction comports with due process, venue is also appropriate under the third prong above—that

jurisdiction is placed in a venue where Defendants "reside[] or may be found." 29 U.S.C. § 1132(e)(2). Defendants have not argued, nor does the court find, that the exercise of jurisdiction in Utah fails to comport with due process. Thus, venue is proper in Utah.

Having determined that venue is proper in Utah, the court must determine whether it should exercise its discretion to transfer the action "[f]or the convenience of parties and witnesses, [and] in the interest of justice,…to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Defendants "bear[] the burden of establishing that the existing forum is inconvenient" and "[m]erely shifting the inconvenience from one side to the other…is not a permissible justification for a change of venue." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

In considering a motion to transfer venue under § 1404(a), courts in the Tenth Circuit weigh the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and [ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (internal quotation marks omitted).

Defendants argue that this forum is inconvenient because the witnesses and proof in this case are in Washington. Plaintiff argues that the witnesses and proof are not primarily in Washington, that the witnesses and proof are less significant in cases where, as here, litigation is limited to an administrative record, and that the court should give deference to Plaintiff's choice

of forum. The court agrees with Plaintiff that the witnesses and proof in this case appear to be neutral with respect to venue, as Plaintiff's witnesses and proof are found in Utah, while Defendants' witnesses and proof are in Washington (and perhaps Delaware or California.) Merely transferring the burden of inconvenience from Defendants to Plaintiff is an insufficient basis for a transfer of venue.

Defendants cite to District Court of Utah cases in which venue has been transferred under facts similar to those of this case to support their assertion that transfer of venue is warranted here: *Island View Residential Treatment Center v. Kaiser Permanente*, 2009 WL 2614682 (D. Utah 2009); *IHC Health Services, Inc. v. Eskaton Props., Inc.*, 2016 WL 4769342 (D. Utah 2016); *Danny P. v. Catholic Health Initiatives*, 2015 WL 164183 (D. Utah 2015). However, in other similar instances, this court has declined to transfer venue, particularly where the Defendant does not provide the court with evidence establishing the inconvenience of the Utah forum. *See Brightway Adolescent Hospital v. Hawaii Mgmt. Alliance* Association, 139 F.Supp. 2d 1220 (D. Utah 2001); *Briesch v. Automobile Club of Southern* California, 40 F. Supp.2d 1318 (D. Utah 1999).

Here, Defendants have not provided the court with evidence to support a finding that the Utah forum would be inconvenient. The moving party must provide evidence of inconvenience, and mere allegations are not sufficient to meet that burden of proof. *See Rivendell Forest Prods. Ltd. V. Canadian Pac. Ltd.*, 2F.3d 990, 993 (10th Cir. 1993). Defendants assert that "[t]he most relevant witnesses—the people who reviewed the claims—are located in Washington" and that "venue in the Western District of Washington 'may permit greater enforceability of any judgment'" because it is the location of one of the Defendant's headquarters. (Dkt. No. 13 at 8.)

But Defendants do not provide the court with any evidence beyond mere speculation to support a finding that Utah would be an inconvenient forum for this litigation. Considering the *Chrysler* factors above, the court finds that Defendants have not carried their burden to establish that Utah is an inconvenient forum.

## Conclusion

For the foregoing reasons, Defendants' Motion to Transfer Venue is hereby DENIED.

DATED this 9th day of May, 2018.

BY THE COURT:

Dee Benson
United States District Judge